SIDNEY M. AND CLAIRE ROTH, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Roth v. Commissioner
Docket No. 24846-86.
United States Tax Court
T.C. Memo 1987-339; 1987 Tax Ct. Memo LEXIS 337; 53 T.C.M. (CCH) 1325; T.C.M. (RIA) 87339; July 9, 1987. Sidney M. Roth and Claire Roth, pro se. Miles D. Friedman, for the respondent. SWIFT
MEMORANDUM OPINION SWIFT, Judge: This case is presently before the Court on respondent's Motion to Dismiss for Lack of Jurisdiction. The sole issue for decision is whether petitioners timely filed their petition herein as required under section 6213(a). [1]
Petitioners Sidney M. and Claire Roth are husband and wife and resided in Beverly Hills, *338 California, at the time of filing the petition herein. On March 28, 1986, respondent mailed a statutory notice of deficiency to petitioners at their last known address in Beverly Hills, California, in which he determined a deficiency in petitioners' 1982 Federal income tax liability in the amount of $6,632.37, and additions to tax under section 6653(a)(1) in the amount of $331.62, and section 6653(a)(2) in an amount equal to 50 percent of the interest due on an underpayment of $6,632.37. Petitioners filed their petition with this Court on July 1, 1986. The envelope in which their petition was mailed bears a United States postmark dated June 27, 1986, which date is 91 days after the date on which the notice of deficiency was mailed. The petition was mailed to the Court via certified mail. In order for a taxpayer to be entitled to litigate in this Court, a petition for redetermination must be filed by the taxpayer within 90 days (or 150 days if the notice of deficiency is addressed to a person outside the United States) after the proper mailing by the Commissioner of the notice of deficiency. Sec. 6213(a). Under section 7502, a petition is deemed timely filed if the envelope or *339 cover containing the petition bears a United States postmark which falls within the time for filing. Timely filing is an indispensable prerequisite to the jurisdiction of this Court, and failure to timely file will result in the dismissal of the case. ; ; . On April 6, 1987, petitioners were ordered by this Court to file a reply to respondent's motion on or before May 1, 1987. Petitioners have not filed such a reply or objection, and we have no choice but to grant respondent's motion to dismiss this case for lack of jurisdiction. An appropriate order will be entered.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as in effect during the year in issue.↩